### DUNSTAN et al. v. RYLEY.

(Supreme Court, Appellate Term. June 1, 1906.)

TRIAL—TRIAL BY COURT—DECISION—CONFORMITY TO ISSUE.

Where the only issue in an action was whether a third party had authority to bind defendant as his agent, a decision that there was no privity of contract between the parties to the suit which could justify a recovery was not a sufficient answer to the issue.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by James W. Dunstan and another against Thomas W. Ryley. From a judgment in favor of defendant, plaintiffs appeal. Reversed, and new trial granted.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Theron L. Carman, for appellants.
Fromme Bros., for respondent.

GILDERSLEEVE, J. The action was to recover for costumes claimed to have been made and delivered at the request of the defendant. The liability of the defendant depended entirely upon the authority of Miss Conquest to bind the defendant. Was she the agent of the defendant in ordering the costumes from plaintiffs? A sharp issue of fact arose, upon conflicting testimony, which it was the duty of the court to decide. The trial justice rendered the following decision:

"I do not think that there was any privity of contract between the parties to this suit which can justify a recovery by this plaintiff."

The meaning of these words is somewhat ambiguous, and does not clearly indicate the question before the court. The question for the court to determine was whether Miss Conquest had the power to bind

the defendant as his agent to the contract she undertook to make for him with the plaintiffs. This question the court did not answer, though without an answer the issues could not be determined.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.